## ARNSTEIN v. TWENTIETH CENTURY FOX FILM CORPORATION et al.

District Court, S. D. New York.

Aug. 26, 1943.

See, also, 3 F.R.D. 58.

Ira B. Arnstein, in pro. per.

Edwin P. Kilroe and Julian T. Abeles,
both of New York City, for Twentieth Cen-
tury Fox Film Corporation.

Gilbert & Gilbert, Francis Gilbert, and
Godfrey Cohen, all of New York City, for
Bregman, Vocco & Conn, Inc.

BONDY, District Judge.

The plaintiff claims that the defendants'
song "I've Got a Gal in Kalamazoo" in-
fringes upon his musical composition "Kal-
amazoo".

To establish access by the writers of the
song "I've Got a Gal in Kalamazoo" to his
composition, in the absence of which there
could not be any copying, he testified that
he played his song in 1933 for the defend-
ant Harry Warren, the composer of de-
fendants' song, at 171 West 71st Street,
where plaintiff then resided, in the presence
of the daughter of his landlady, Mrs. Selt-
zer; that a short time thereafter his manu-
script was stolen, and that when he com-
plained to the American Society of Com-
posers, Authors and Publishers of the pla-
giarism, Mrs. Seltzer disappeared.

Warren denies that he ever met Mrs.
Seltzer or her daughter or that he ever was
on premises 171 West 71st Street. He and
Mack Gordon, the writer of the lyrics of
the song, both deny that they knew or ever
met the plaintiff or that they ever heard or
had any knowledge of his composition or
copied any part of it or had any access

to it. Plaintiff's composition was registered as an unpublished quartet burlesque. It was written for a special occasion and for a special purpose. It does not appear that it was used for that or any other purpose or that it ever was published or publicly performed.

Defendants' witnesses, who are well known and successful song writers, in my opinion are credible and dependable. The court concludes not only that the plaintiff has failed to sustain his burden of establishing access but also that the writers of the defendants' song did not copy any part of plaintiff's composition.

Even if the authors of defendants' song had access to the plaintiff's .composition before writing defendants' song, the two compositions are so dissimilar that one can not be held to be a copy of the other. They do not sound alike when played as written. The melodies, the harmonies, the accent and the rhythm of the two compositions are entirely different. They were written for entirely different purposes. Plaintiff's composition was written to serve as a vocal quartet and as a burlesque on grand opera, the defendants' as a popular song.

Contrary to plaintiff's contention, the title of the compositions and the lyrics are entirely different. Although the copyright of a musical composition does not protect its title, it may be noted, in view of the plaintiff's contentions, that the word "Kalamazoo" alone or in connection with other words, and even the very words "I've Got a Gal in Kalamazoo" have been used as titles of popular music long before the defendants wrote their song.

Many popular songs, copies of which were offered in evidence, make a play on spelling, especially of the names of cities, including the spelling of the word Kalamazoo. Many repeat the same note at least as many times as notes are repeated in both compositions, and some even repeat the last syllable zoo of Kalamazoo several times accompanied by the same note in the manner in which they are repeated in the plaintiff's and defendants' songs. It therefore does not follow that these similarities, depended upon by the plaintiff, establish the copying of plaintiff's composition.

By ingenious manipulation of his composition the plaintiff attempts to establish similarity. For instance, to do so, he transfers notes from accompaniment in the bass to melody in the treble, he omits and changes notes and the rhythm of some of his phrases, and separates parts of some of his phrases and places them in different parts of his composition.

It has frequently been held that similarity can not be established in this manner.

Neither access, similarity nor copying having been established, the complaint must be dismissed.